# **EXHIBIT A**

*State Court Documents*

ELECTRONICALLY FILED - 2020 Apr 14 3:50 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302124

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Joseph Camposano, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| v. ) | (JURY TRIAL DEMANDED) |
| ) | |
| Krispy Kreme Doughnut Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the claims in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Joseph Camposano*

April 14, 2020

ELECTRONICALLY FILED - 2020 Apr 14 3:50 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302124

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Joseph Camposano, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | (JURY TRIAL DEMANDED) |
| ) | |
| Krispy Kreme Doughnut Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Joseph Camposano ("Plaintiff") brings this action against Defendant Krispy Kreme Doughnut Corporation ("Defendant"), based on the allegations set forth below.

## PARTIES

1. Plaintiff is a citizen and resident of Greenville County, South Carolina.

2. Defendant is incorporated in North Carolina and does business in South Carolina.

3. At all times relevant to this Complaint, Defendant has been an employer engaged in commerce or in an industry or activity affecting commerce and has employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

## JURISDICTION

4. This action is authorized and instituted pursuant to the Family and Medical Leave Act ("FMLA").

5. This Court has subject-matter jurisdiction over Plaintiff's FMLA claims.

6. This Court has personal jurisdiction over the Defendant because (1) the unlawful practices alleged in this Complaint were committed within the jurisdiction of South Carolina;

Page **1** of **5**

(2) Defendant is a company doing business in South Carolina; (3) Defendant has purposefully availed itself of the rights and privileges afforded to it under South Carolina law.

## VENUE

7.  Venue is proper in this division because Defendant conducts business in Greenville County; Plaintiff lived and worked in Greenville while he was employed and later terminated by Defendant; and the acts or omissions that are the subject of this action occurred in Greenville County.

## FACTS

8.  At all times relevant to this complaint, Plaintiff performed at or above his expected job performance standards.

9.  Plaintiff began working for Defendant in January 2018 as a route salesman (delivery driver) based out of the Pleasantburg Road location in Greenville County.

10. Plaintiff suffers from PTSD and mental disorders resulting from a car accident in 2015. The PTSD and mental disorders constitute "serious medical conditions," as defined by the Family and Medical Leave Act.

11. Plaintiff had discussed these medical conditions with his manager, Jeremy Jones, in early 2019.

12. In February 2019, Plaintiff learned that he would need to be admitted to the mental health program at the Carolina Center for Behavioral Health, per his doctor's instructions. The program would last several weeks.

13. As soon as Plaintiff became aware of his need for FMLA-protected leave, he contacted Mr. Jones to let him know. Plaintiff did not yet know of the exact start date for the program, but he wanted to let him employer know that his need for leave was coming.

ELECTRONICALLY FILED - 2020 Apr 14 3:50 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302124

14. Plaintiff worked through February 27, 2019, when he learned that the program was set to start on March 2. He notified Mr. Jones immediately and asked for him to send Plaintiff the proper paperwork to cover his absence. Plaintiff's doctor also sent over a note confirming his need for leave.

15. On March 6, 2019, Plaintiff called back to check on the FMLA paperwork, which he still had not received. He was told that he no longer worked there because he had resigned, which was not true.

**FOR A FIRST CAUSE OF ACTION**
**(Interference under the Family and Medical Leave Act)**

16. Plaintiff incorporates all allegations above into this cause of action.

17. Plaintiff's medical condition was a "serious health condition" as defined by 29 U.S.C. 2611(11).

18. Plaintiff requested to take FMLA leave for treatment of his serious health condition.

19. Plaintiff's serious health condition required continuing treatment by a health care provider.

20. Defendant's actions violated the FMLA. Specifically, by terminating Plaintiff instead of providing him with FMLA leave as he had requested, Defendant's actions interfered with and denied Plaintiff's right to FMLA leave.

21. Defendant's actions constitute a willful violation of the FMLA.

22. Defendant's interference with Plaintiff's protected leave caused Plaintiff damages, including lost wages, employment benefits, and other actual damages recoverable under the FMLA.

23. Plaintiff is entitled to an award of damages, liquidated damages, and attorneys' fees and costs.

## FOR A SECOND CAUSE OF ACTION
**(Retaliation under the Family and Medical Leave Act)**

24. Plaintiff incorporates all allegations above into this cause of action.

25. Within a few days of Plaintiff's request for FMLA leave, Defendant terminated Plaintiff for pretextual reasons by alleging that he had resigned when he clearly had not.

26. Defendant's actions were in retaliation for Plaintiff's asserting rights and requesting leave under the FMLA.

27. Defendant's actions constitute a willful violation of the FMLA.

28. Defendant's retaliatory acts caused Plaintiff damages, including lost wages, employment benefits, and other actual damages recoverable under the FMLA.

29. Plaintiff is entitled to an award of damages, liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully set forth his complaint, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

a. Award Plaintiff all compensation and benefits due that were lost as a result of Defendant's unlawful employment practices, including but not limited to lost wages and commissions in the form of back and front pay, bonuses, health insurance and life insurance benefits, pre-judgment interest, and other benefits in amounts to be determined at trial;

b. Award Plaintiff liquidated damages equal to the backpay damages;

c. Award Plaintiff compensatory damages, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial;

ELECTRONICALLY FILED - 2020 Apr 14 3:50 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302124

d. Award Plaintiff punitive damages for Defendant's malicious and reckless conduct as described above in amounts to be determined at trial;

e. Award Plaintiff equitable relief in the form of reinstatement to a comparable position and salary;

f. Award Plaintiff his attorney's fees and costs of this action as provided by state and federal law; and

g. Award Plaintiff such other legal and/or equitable relief as this court may deem proper in the public interest.

Respectfully submitted,

**Horton Law Firm, P.A.**


s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Joseph Camposano*

April 14, 2020